UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                    Case No. 04-11305-DHW
                                         Chapter 13
JOHN C. FISK
DENA R. FISK,

    Debtors.

_____

JOHN C. FISK,

    Plaintiff,

v.                                       Adv. Proc. No. 07-1106-DHW

UNITED STATES OF AMERICA, by and
through UNITED STATES DEPARTMENT
OF DEFENSE d/b/a ARMY AIR FORCE
EXCHANGE SERVICE,

    Defendant.

## MEMORANDUM OPINION

On August 17, 2007, the plaintiff, John C. Fisk ("Fisk"), filed this complaint against the defendant, United States of America, by and through the United States Department of Defense d/b/a Army Air Force Exchange Service ("AAFES"), alleging a willful violation of the 11 U.S.C. § 362 automatic stay. On February 19, 2008, AAFES filed an Offer of Partial Settlement (Doc. #28), asserting that it had refunded, together with interest, funds offset from Fisk's wages. AAFES offered to pay a reasonable attorney's fee to conclude the litigation without admitting a willful violation of the stay.

On March 13, 2008, Fisk's attorneys filed an affidavit in support of their request for fees (Doc. #32). The fees and expenses total $8,566.27. On April 2, 2008, AAFES filed a response in opposition to the affidavit and requested an evidentiary hearing on the issue of the reasonableness of the fees (Doc. #35).

An evidentiary hearing was held on July 17, 2008. Upon consideration of the evidence presented, the applicable law, and the arguments of counsel for the respective parties, the court concludes that the requested fees and costs are reasonable.

## Jurisdiction

The court derives its jurisdiction in this matter from 28 U.S.C. § 1334 and from an order of the United States District Court for this district referring jurisdiction in title 11 matters to the Bankruptcy Court. *See* General Order of Reference of Bankruptcy Matters (M.D. Ala. Apr. 25, 1985). Further, because the issue here involves the determination of the appropriate measure of damage for violation of the automatic stay, this is a core proceeding pursuant to 28 U.S.C. § 157(b) thereby extending this court's jurisdiction to the entry of a final order or judgment.

## Factual Findings

The facts involved here may be more easily understood if presented in chronological order. On June 17, 2004, Fisk filed the underlying chapter 13 petition for relief in this court, listing AAFES as an unsecured creditor in the amount of $352.00.[1] On June 18, 2004, notice of the bankruptcy was given by the Bankruptcy Noticing Center to all of Fisk's creditors including AAFES (Military Star). *See* BNC Certificate of Service (Doc. #8).

Three years after the bankruptcy case was filed, AAFES twice withheld funds from Fisk's pay.[2] AAFES first withheld funds due Fisk for the second

---

[1] The AAFES claim was actually listed in Fisk's schedule of unsecured debt as one owing to Military Star, P.O. Box 78335, Phoenix, AZ 85062. *See* Schedule F-Creditors Holding Unsecured Nonpriority Claims. The complaint states that AAFES is also known as Military Star. The connection between AAFES and Military Star was not made a point of controversy by the parties, and the court will treat AAFES and Military Star as the same entity for the purposes of this proceeding.

[2] Fisk characterized the withholding as a "garnishment," but it is unclear whether the funds were withheld pursuant to a garnishment or an allotment. Neither party challenged Fisk's characterization, and the distinction is not critical to deciding

2

payroll period in June 2007. On June 22, 2007, Fisk notified his attorney of the deduction. That same day, his attorney's paralegal telephoned AAFES advising an AAFES employee that Fisk had filed bankruptcy and that the withholding should be stopped. *See* Pl.'s Ex. 1, Brock & Stout Customers Report.

On July 25, 2007, AAFES again withheld funds from Fisk's pay. *See* Complaint, Ex. 5.

On August 17, 2007, Fisk filed the instant complaint alleging a willful violation of the automatic stay. One week later, AAFES refunded to Fisk the $1,289.93 that had been withheld from his pay. *See* Pl.'s Ex. 3.

On August 31, 2007, Fisk's attorney wrote AAFES acknowledging receipt of the refund but requesting an additional $1,618.77 for attorney fees and costs associated with the adversary proceeding. *See* Pl.'s Ex. 3A. Fisk's attorney fees and costs as of August 30, 2007 actually totaled $2,112.50. *See* Pl.'s Ex. 4.

On or about September 17, 2007, Walter A. Blakeney, one of Fisk's attorneys, spoke by telephone with AAFES attorney, Assistant U. S. Attorney Patricia A. Conover. During that conversation, Blakeney offered to settle the matter for $2,200.

On September 19, 2007, AAFES filed an answer to the complaint (Doc. #5). Therein, AAFES admitted a "technical violation of the automatic stay" but denied any willful violation. *See* Answer (Doc #5, ¶ 24). Further, AAFES contended that the violation resulted from Fisk's failure to provide AAFES with adequate notice of the bankruptcy. *Id*. at ¶ 27.

Once the answer was filed, the court set a scheduling conference for purposes of fixing discovery and dispositive motion deadlines and of setting a trial date. The court set a May 7, 2008 trial date.

Following the October 15, 2007 conference, Fisk's attorneys wrote to counsel for AAFES concerning a discovery plan and offered to settle the matter

---

this matter.

for $2,500 in lieu of undertaking full discovery. *See* Pl.'s Ex. 5. At this time, Fisk's attorney fees actually totaled $2,735. *See* Pl.'s Ex. 6.

On November 7, 2007, via an e-mail message to AAFES counsel, Fisk's attorney made another offer of settlement for $2,500. *See* Pl.'s Ex. 8. At this time, the attorney fees actually totaled $3,022.50. *See* Pl.'s Ex. 9.

On November 16, AAFES sent a letter to Fisk's counsel requesting an opportunity to review the time records of the firm. The firm declined the request, and AAFES declined the offer of settlement.[4]

On or about November 27, 2007, Fisk undertook to conduct discovery. He served on AAFES a request for admissions, a request for production, and interrogatories. *See* Pl.'s Ex. 12. He had not propounded discovery prior to this date in an effort to keep attorney's fees low pending settlement talks with the defendant.

On January 4, 2008, AAFES filed a motion for summary judgment (Doc. #14), contending, *inter alia*, that "Fisk failed to give proper notice to AAFES of his bankruptcy." *Id.* at ¶ 1. AAFES concluded the motion with the contention that "Fisk cannot prove a willful violation of 11 U.S.C. § 362(h)." *Id.* at ¶ 6.

Fisk filed a brief in opposition to the motion for summary judgment (Doc. #24). Following a hearing on the motion, the motion was denied on February 13, 2008 (Doc. #26).

On January 9, 2008, AAFES filed a motion to strike the interrogatories that Fisk had propounded (Doc. #19). The motion was set for hearing and continued but was ultimately mooted by the offer of partial settlement.

On or about January 14, 2008, Fisk's attorney made yet another offer of

---

[4] The firm refused to submit its original time records for review by AAFES due to attorney/client privilege concerns. However, Blakeney testified that the firm offered to provide AAFES with an itemization of the hours expended in the case along with the various hourly rates associated with particular time entries.

4

settlement to AAFES's counsel — this time for $1,330.[5]  As of that date, the actual fees and costs totaled $4,447.50.  *See* Pl.'s Ex. 16.  Later, by letter dated February 18, 2008, the $1,330 settlement offer was withdrawn and a $5,000 offer made.  *See* Plaintiff's Exhibit 17.

On February 19, 2008, Fisk propounded and served on AAFES a second set of discovery requests which included a request for admissions, a request for production, and interrogatories.  *See* Pl.'s Exs. 20 and 21.  Fisk had not received a response to the first set of discovery requests.

On February 19, 2008, AAFES filed the offer of partial settlement (Doc. #28).  The offer of partial settlement was made "without admitting or acknowledging liability with respect to the allegations contained in the complaint . . ."  *Id.* at ¶ 5.  Nevertheless, AAFES "offer[ed] to pay reasonable attorney fees for the filing of the instant civil action.  *Id.*

AAFES's offer of partial settlement was set by this court for hearing on March 3, 2008.  At the conclusion of the hearing, Fisk's attorney was ordered to file a request for fees and expenses supported by affidavit.  That document was filed on March 13, 2008, itemizing fees and costs in the amount of $8,566.27.

On April 2, 2008, AAFES objected to the fees and requested an evidentiary hearing on that issue (Doc. #35).  Therein, AAFES maintained that Fisk had long ago been made whole by refund of his pay and that "[s]ubsequent litigation has been predicated upon securing attorney fees."  *Id.* at ¶ 2.

### Conclusions of Law

Upon the filing of a bankruptcy petition for relief, a stay springs to life without the necessity of judicial intervention.  The stay prohibits a wide range of actions by creditors to collect prepetition debts of the debtor.  The Code in relevant part provides:

---

[5] One of Fisk's attorneys, Michael D. Brock, testified that the offer of settlement in the substantially reduced amount was made out of respect for AAFES's counsel and in hopes of maintaining a good relationship with both counsel and the creditor.

5

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of . . .

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(6).

"[T]he automatic stay plays a vital role in our bankruptcy. It is designed to protect debtors from all collection efforts while they attempt to regain their financial footing." *Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 571 (9th Cir. 1992). "The automatic stay is among the most basic of debtor protections under bankruptcy law." *Soares v. Brockton Credit Union (In re Soares)*, 107 F.3d 969, 975 (1st Cir. 1997). "In order to secure" this important protection, "courts must display a certain rigor in reacting to violations of the automatic stay." *Id.* at 975-76. "Congress considered the automatic stay provision one of the most important in the Bankruptcy Code." *British Aviation Ins. Co. v. Menut (In re State Airlines, Inc.)*, 873 F.2d 264, 268 (11th Cir. 1989). A Congressional Report states:

> The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his [or her] creditors. *It stops all collection efforts,* all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

H.R. Rep. No. 95-595, at 340-41 (1977) (emphasis added).

Beyond according relief to debtors in the form of a breathing space, the automatic stay benefits creditors as well. "Section 362(a) also plays an important role in maintaining the status quo while the court exercises its authority over the debtor's assets, preventing some creditors from picking apart

6

the debtor's estate to the detriment of other creditors." *134 Baker Street, Inc. v. Georgia*, 47 B.R. 379, 380 (N.D. Ga. 1984).

The automatic stay is of such fundamental importance to our bankruptcy system that the law imposes sanctions against those that willfully violate its provisions. When this chapter 13 case was filed, the Code provided:

> (h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages.[6]

11 U.S.C. § 362(h)(pre-BAPCPA version).

Courts have found a "willful" violation of the automatic stay when the violator knew of the stay and intentionally committed the violative act, regardless of any specific intent to violate the stay. *Jove Engineering, Inc. v. I.R.S.*, 92 F.3d 1539, 1555 (11th Cir. 1996) (citing with approval *Price v. United States*, 42 F.3d 1068, 1071 (7th Cir. 1994); *Parker v. Pioneer Credit Co. (In re Parker)*, 2007 WL 1889958 (Bankr. M.D. Ala. June 28, 2007); *Hodge v. The Money Shop, LLC. (In re Hodge)*, 367 B.R. 843, 847 (Bankr. M.D. Ala. 2007).

Upon finding a willful violation of the automatic stay, the bankruptcy court has no discretion but to award reasonable attorney fees to the debtor. In a another case, this court held:

> The court would first note that upon a finding that a willful violation of the automatic stay [occurred], the injured party "shall recover actual damages, including costs and attorneys' fees." 11 U.S.C. § 362(h). Therefore, the Court does not have any discretion as to whether attorney's fees should be awarded.

*Smith v. Homes Today, Inc. (In re Smith)*, 296 B.R. 46, 62 (Bankr. M.D. Ala.

---

[6] Because the defendant is the United States of America, punitive damages are not available in this case. *See* 11 U.S.C. § 106(a)(3). Actual damages, including costs and attorneys' fees, however, are available against the government.

7

Case 07-01106    Doc 53    Filed 07/31/08    Entered 07/31/08 14:54:17    Desc Main
Document    Page 7 of 9

2003)(Sawyer, J.). "A party violating the automatic stay, through continuing a collection action in a non-bankruptcy forum, must automatically dismiss or stay such proceeding or risk possible sanctions for willful violations pursuant to § 362(h)." *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1214 (9th Cir. 2002).

Now, turning to the facts of this case, no one would dispute that AAFES had every right to defend against the charge that it had willfully violated the stay. Indeed, if AAFES undertook the violative act without notice of the bankruptcy, the violation would have been merely technical and not willful. For Fisk to recover attorney fees and costs, however, he was obligated to prove that the stay violation was willful. Therefore, proof of willfulness was an essential element in that regard.

However, throughout the course of this proceeding and to this very day, AAFES has kept the issue of "willfulness" in dispute. Denying the willfulness of the violation was unquestionably within AAFES's prerogative. Yet, by that denial, it continued to keep that essential element of Fisk's claim at issue. The issue was mooted only by AAFES's offer of partial settlement in which it agreed to pay reasonable attorney fees. It is this litigation stance taken by AAFES that has led to prolongation of this proceeding and the resultant increase in Fisk's attorney fees. The court strongly disagrees with AAFES's contention that Fisk's lawyers protracted this litigation in order to churn fees. That point is made all the more clear by the offer of settlement for only $1,330 at a time when the attorneys had more than $4,400 invested in the case.

Finally, AAFES, in the course of the evidentiary hearing, raised generally a number of other related issues. It questioned the reasonableness of the hourly rates charged by Fisk's attorneys. Secondly, it questioned whether consultations between Fisk's attorneys, one with another, were appropriately billed. Finally, AAFES intimated, again generally, that Fisk's lawyers took longer to complete certain items of work, like drafting the complaint, than was reasonable. This court, after making an independent review of counsel's affidavit in support of the fees, finds that the charges in each of these areas is reasonable.

8

## Conclusion

For the foregoing reasons, the court finds that the attorney fees and costs requested by counsel for the plaintiff are reasonable and that the defendant's objection to the fees should be overruled. Pursuant to Fed. R. Bankr. Proc. 9021, a judgment, in accord with this memorandum opinion, will enter separately.

Done this 31st day of July, 2008.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: David G. Poston, Plaintiff's Attorney
   Patricia A. Conover, Defendant's Attorney