# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                   Case No.  04-11305-DHW
                                        Chapter 13
JOHN C. FISK
DENA R. FISK,

        Debtors.

_____

JOHN C. FISK,

        Plaintiff,

        v.                              Adv. Proc. No. 07-1106-DHW

UNITED STATES OF AMERICA, by and
through UNITED STATES DEPARTMENT
OF DEFENSE d/b/a ARMY AIR FORCE
EXCHANGE SERVICE,

        Defendant.

## MEMORANDUM OPINION

        The United States of America, by and through the United States Department of Defense, d/b/a Army Air Force Exchange Service, a/k/a Military Star ( "AAFES"), filed a motion on August 27, 2008 seeking reconsideration of the August 18, 2008 judgment awarding attorneys' fees to plaintiff's counsel in the amount of $19,473.73.  The motion came on for hearing on September 24, 2008, and thereafter, was taken under submission.   Upon consideration of the facts, the law, and the arguments of the parties' counsel, the court concludes that the motion for reconsideration is due to be granted in part and denied in part.

## Procedural Background

This adversary proceeding began in August 2007 when Fisk filed a complaint alleging that AAFES willfully violated the automatic stay. AAFES filed an Offer of Partial Settlement on February 19, 2008 wherein it offered to pay Fisk's reasonable attorneys' fees.[1]

On March 13, 2008, Fisk's attorneys filed an affidavit in support of their request for fees. AAFES filed a response in opposition to the requested fees on April 2, 2008 and moved for an evidentiary hearing on the issue of reasonableness.

At the conclusion of the evidentiary hearing on July 17, 2008, this court orally ruled for the plaintiff and authorized plaintiff to file a supplemental fee request for services incurred after the date of the initial request. The court informed the parties that the decision would be memorialized in a written memorandum opinion and judgment.

On July 31, 2008, the memorandum opinion and judgment entered in favor of the plaintiff awarding $8,566.27 in attorneys' fees and expenses (Doc. 54). The judgment required the plaintiff to file any supplemental fee request no later than August 18, 2008 and required AAFES to file any objection within 10 days.

On July 31, 2008, the same day that the judgment entered, plaintiff's counsel filed a supplemental motion for attorneys' fees (Doc. 52) seeking compensation for services rendered in defending the initial

---

[1] When AAFES made its Offer of Partial Settlement, it had already made Fisk whole for his actual damages by refunding monies withheld from his pay. Because punitive damages were unavailable against AAFES (11 U.S.C. § 106(a)(3)), the only remaining issue was the amount of Fisk's reasonable attorneys' fees, which the statute authorizes him to recover. *See* 11 U.S.C. § 362(k).

2

fee request.[2] There, Fisk sought an additional fee award of $10,907.46. AAFES did not file a response within 10 days of Fisk's motion, and on August 18, 2008, this court amended the judgment to award the additional fee. Judgment entered in the total amount of $19,473.73. AAFES filed the instant motion for reconsideration on August 27, 2008.

## Contentions of the Parties

In its motion to reconsider, AAFES, for the first time, contends that the attorneys' hourly rates used in calculating the judgment, as amended, exceed the $125 per hour cap allowed under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2)(A). In support, AAFES cites to *Florida Department of Revenue v. Omine (In re Omine)*, 485 F.3d 1305 (11th Cir. 2007). In that case the Eleventh Circuit held that an attorney fee award in an action against a governmental unit for willful violation of the automatic stay is subject to the limitations of the EAJA. *Id.* at 1317. AAFES seeks a recalculation of the award limiting the hourly rate to $125 both for the services embraced by the initial fee request (the July 31 judgment) and those contained in the supplemental request (the August 18 amended judgment).

In defense of the awarded fees, Fisk advances a number of arguments. First, Fisk contends that relief from this court's July 31, 2008 judgment (awarding the initial request) is not available under either Fed. R. Civ. P. 59 or 60.[3] Relief under Rule 59, according to Fisk, is unavailable because AAFES's August 27, 2008 motion to alter or amend the judgment was untimely filed, having come more than 10

---

[2] In fact, plaintiff's supplemental request was filed on the same day, but prior to, the entry of this court's judgment. Apparently, the supplement was filed in reliance on the court's earlier oral findings where the court authorized plaintiff to supplement his initial request.

[3] Fed. R. Civ. P. 59 and 60 are made applicable to bankruptcy cases by Fed. R. Bankr. P. 9023 and 9024, respectively.

days from the judgment's entry. Fisk maintains that AAFES did not raise the EAJA hourly rate limitation during the course of the trial and that the issue cannot now be raised through Rule 59. Fisk suggests that AAFES did not raise the EAJA limitation because it was unaware of it. That, according to Fisk, is evidenced by the fact that AAFES has already tendered payment of the July 31, 2008, judgment thus creating an accord and satisfaction with respect to the initial fee request.

Likewise, Fisk contends that relief from the July 31, 2008 judgment is not available under Fed. R. Civ. P. 60. Fisk maintains that a mistake of law is not grounds for relief from a judgment under Rule 60 and that AAFES never raised the EAJA limitation during the course of the trial. Even if the amount of fees awarded were not computed in accordance with applicable law, a mistake of law, according to Fisk, does not lay the predicate for relief from judgment under Rule 60.

As to the August 18, 2008 amended judgment allowing the supplemental fee request, Fisk again maintains that AAFES motion to reconsider was filed too late. In support of that contention, Fisk points to this court's order which required Fisk's attorneys to file a supplemental fee request no later than August 18, 2008. That same order required AAFES to file any objection to the supplemental request within 10 days; otherwise the supplemental request would be granted. Fisk maintains that the supplemental request was filed on July 31, 2008, and that AAFES had 10 days from that date to object, but that it failed to do so. Hence, according to Fisk, AAFES's failure to file a timely objection to its supplemental fee request bars reconsideration of that portion of the judgment.

Finally, Fisk maintains that under the EAJA, the court has the authority to award attorney fees at an hourly rate higher than the statutory cap if a special factor justifying the higher rate is found. In awarding the fee, Fisk muses that the court could have found special factors here authorizing departure from the cap.

4

# Conclusions of Law

The principal dispute is whether the July 31, 2008 judgment became final with respect to plaintiff's initial fee application on the date of its entry or became final on August 18, 2008 when the judgment was amended to award the supplemental fee request. A contributing factor to this controversy was the unintentional ambiguity created by this court's July 31, 2008 judgment. That judgment gave the plaintiff until August 18, 2008 to file a supplemental fee request. The plaintiff, however, filed its supplemental request on July 31, 2008. In addition, the judgment required AAFES to file "an objection to any supplemental request within 10 days. . . ." That language gave rise to an ambiguity — whether the 10 days ran from the date of plaintiff's filing the supplemental request (July 31) or whether it ran from the deadline (August 18). The timing issue is seemingly important in terms of whether AAFES's motion to alter or amend is to be considered under Rule 59 or 60. The dispute, however, can be resolved without the court making that determination.

Even if this court considered AAFES's motion to alter or amend the July 31 judgment under Rule 59, the motion is due to be denied with respect to the plaintiff's initial fee request.

"The decision to alter or amend a judgment is committed to the sound discretion of the . . . court." *Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006). Although a court has broad discretion in determining whether to grant or deny a Rule 59(e) motion, that discretion must be balanced between the need for finality and justice based on all of the facts. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). A Rule 59(e) motion may "not be used 'to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" *Sherrod v. Palm Beach County School District*, 2007 WL 1501056, *2 (11th Cir. May 24, 2007). "Motions to amend should not be used to raise arguments which could, and should, have been made before the judgment was issued.

Denial of a motion to amend is 'especially soundly exercised when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage in the litigation.'" *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992) (citation omitted); *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005). *See also* 3 James Wm. Moore et al., *Moore's Manuel: Federal Practice and Procedure* § 24.87 (2008). In addition, a Rule 59(e) motion should not be used to raise issues entirely collateral to the judgment. *Buchanan v. Stanships, Inc.,* 485 U.S. 265, 268, 108 S. Ct. 1130, 99 L. Ed. 2d 289 (1988).

In this case, AAFES did not raise the issue of the EAJA hourly rate cap during the litigation of plaintiff's initial fee request. It could have, and should have, because the authority that it now relies upon for that proposition, *In re Omine*, was the law in this circuit when the initial fee request was tried. *See Omine,* 485 F.3d 1305 (11th Cir. 2007). In fact, AAFES did not raise the EAJA rate cap argument until well after the entry of the judgment making the award. Neither has AAFES articulated any reason for its failure to raise the issue at the trial of this matter. Finally, the court views the supplemental fee request as a separate and collateral matter from the initial request, which was tried on its merits and orally adjudged at the end of the trial. For these reasons, the amount awarded to plaintiff based upon the initial fee request will not be amended or altered.

Yet, the July 31 judgment clearly provided AAFES an opportunity to assert and be heard on any objection that it had to plaintiff's supplemental fee request. That it failed to file an objection within 10 days of plaintiff's filing of the supplemental request was as much a result of the ambiguous language of the judgment as it was of AAFES's failure to timely act. Admittedly, one reading of the July 31 judgment would permit a timely objection to be filed within 10 days of August 18. AAFES was cut off from doing so by this court's August 18 judgment incorporating the supplemental fee request. For that reason it would be patently unjust to treat the motion to amend the August 18

6

judgment, incorporating the supplemental request, as out of time under Rule 59.

Further, in keeping with this court's view that the supplemental fee request represents a separate or collateral matter from the initial fee request, AAFES should be allowed to raise the EAJA hourly rate cap as a defense to the supplemental request. As noted, in *Omine*, 485 F.3d at 1317, the Court of Appeals for this circuit held that attorney fees available to a successful plaintiff in an action against a governmental unit for willful violation of the automatic stay are limited by the EAJA cap. For that reason, AAFES's motion to alter or amend the August 18 judgment as to the supplemental portion of that judgment is due to be granted. The attorneys' hourly rates for time contained in the supplemental fee request will be limited to the $125 per hour EAJA cap and the judgment adjusted accordingly.

Finally, Fisk argues that the court may have deviated from the EAJA rate cap finding some special factor. Had it done so, Fisk maintains that its above-EAJA cap rates are allowable. However, no special finding was made nor was one considered by this court. Hence, Fisk's argument on this ground is without merit.

## Conclusion

For the foregoing reasons, AAFES's motion to alter or amend this court's judgment of August 18, 2008 will be granted as to the part concerning the supplemental fee request and denied as to the part concerning the initial fee request. Pursuant to Fed. R. Bankr. P. 9021 a separate order will enter consistent with this memorandum opinion.

Done this the 31st day of October, 2008.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

7

c: David G. Poston, Plaintiff's Attorney
   Patricia A. Conover, Defendant's Attorney

8